Kevin T. Lafky, OSB #85263
klafky@lafky.com
Tonyia J. Brady, OSB #l03491
tbrady@lafky.com
LAFKY & LAFKY
429 Court Street NE
Salem, OR 97301
Tel: (503)585-2450
Fax: (503)585-0205
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GREG ROBINSON, | ) Case No. _____ |
| | ) |
| Plaintiff, | ) COMPLAINT–VIOLATION OF 42 U.S.C.§ |
| | ) 1983 (DUE PROCESS) |
| v. | ) |
| | ) (Jury Trial Requested; Not Subject to |
| CITY OF DONALD, a municipal | ) Mandatory Arbitration) |
| corporation, HEIDI BELL, ALONZO | ) |
| LIMONES, and BRAD OXENFORD, | ) (Jury Trial Requested) |
| | ) |
| | ) |
| Defendants. | |

Plaintiff Alleges:

## JURISDICTION AND VENUE

1.

Plaintiff Greg Robinson ("Plaintiff") asserts claims for violation of due process under 42

U.S.C. § 1983.  Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, federal question

jurisdiction.  Plaintiff requests a jury trial in this matter.

2.

**Page 1- COMPLAINT**

Venue is appropriate in this Court under 28 U.S.C. § 1391 because the events giving rise to this complaint occurred primarily in Marion County, Oregon and Defendant City of Donald ( "City") is located in Marion County, Oregon.  Upon information and belief, Defendants Heidi Bell ("Bell"), Alonzo Limones ("Limones"), and Brad Oxenford ("Oxenford") are residents of Marion County, Oregon. (Collectively referred to as "Defendants").

3.

Plaintiff is a resident of Marion County, Oregon.

4.

City is located in Marion County, Oregon.  City is a municipal corporation duly organized and existing under the laws of the State of Oregon and is located in Marion County, Oregon.  At all material times, City acted by and through its officers, agents and employees who were acting within the course and scope of their office, agency, or employment and acting under color of law.

FACTUAL ALLEGATIONS

5.

Plaintiff began his employment with City in June 2013.  Plaintiff was employed in the position of Utility Operator.  On January 17, 2019, Plaintiff was called into a meeting with Defendant Heidi Bell ("Bell"), City's city manager, and Defendant Alonzo Limones ("Limones"), City's public works director, to discuss work-related issues.  At no time prior to the January 17, 2019 meeting was Plaintiff given notice that he might be disciplined, terminated or otherwise have his employment for City adversely affected by the information discussed at the January 17, 2019 meeting.  At no time prior to the January 17, 2019 meeting was Plaintiff given by Defendants written notice of what would be discussed at the January 17, 2019 meeting.  Plaintiff appeared for the

**Page 2- COMPLAINT**

January 17, 2019 meeting and discussed a variety of matters with Bell and Limones.  The meeting

was concluded; at no time during the meeting did Bell or Limones tell Plaintiff that he was under

threat of termination, that he was entitled to have representation in this employment process, that

he had the right to notice of any specific charges or allegations against him and that he had the right

to respond to any charges or allegations against him.

6.

On January 18, 2019, Plaintiff was again called into a meeting with Bell and Limones to

discuss work-related issues.  At this meeting, the Mayor of City, Defendant Brad Oxenford

("Oxenford") was also present.  At no time prior to the January 18, 2019 meeting was Plaintiff

given notice by Defendants that he might be disciplined, terminated or otherwise have his

employment adversely affected by the information discussed at the January 18, 2019 meeting.

At no time prior to the January 18, 2019 meeting was Plaintiff given by Defendants written

notice of what would be discussed at the January 18, 2019 meeting.  Plaintiff appeared for the

January 18, 2019 meeting and discussed a variety of matters with Bell, Limones and Oxenford.

7.

After the January 18, 2019 meeting, Defendants Bell, Limones and Oxenford jointly

agreed to terminate Plaintiff.  As a result, City terminated Plaintiff on January 18, 2019.

8.

As a result of the unlawful actions of Defendants, Plaintiff has sustained approximately

$65,000 in economic damages as of the filing of this complaint, which will continue to accrue in

the amount of $7,500 per month into the future.  Additionally, as a result of the above-described

actions of Defendant, Plaintiff has suffered severe mental or emotional distress including

**Page 3- COMPLAINT**

anxiety, depression, grief, shame, humiliation, embarrassment, anger, disappointment, sleeplessness, sadness,  and worry, all to his non-economic damages in the amount of $500,000. Plaintiff seeks reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988.  Plaintiff seeks reinstatement to his job.

<u>FIRST CLAIM AGAINST DEFENDANT–VIOLATION OF 42 U.S.C. § 1983</u>

9.

Plaintiff realleges paragraphs 1-8 above..  42 U.S.C. § 1983 provides that a party shall be liable when it "subjects, or causes to be subjected, any person of the United States . . . deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States."

10.

At all times material to this complaint, Defendants Bell, Limones, and Oxenford acted or purported to act in the performance of official duties under state, county, or municipal law, ordinances or regulations.  By and through the actions and omissions described above, the Defendants deprived Plaintiff of his Fourteenth Amendment rights preventing deprivation of his constitutionally protected rights without due process of law, causing him harm.

11.

Plaintiff had a protected property interest in his employment.  This protected property interest arises out of contract, policy, and statute.

12.

Defendants deprived Plaintiff of his Due Process rights when they failed to give Plaintiff notice of any specific allegations against Plaintiff, failed to give Plaintiff notice that Plaintiff's employment might be terminated, failed to give Plaintiff notice of why Plaintiff was being

**Page 4- COMPLAINT**

considered for termination, and failed to give Plaintiff a reasonable opportunity to be heard as to why Plaintiff should not be terminated.

13.

The violation of 42 U.S.C.§ 1983 by Defendants resulted in Plaintiff being deprived of his rights, privileges, or immunities secured by the Constitution and laws of the United States. The constitutional right to Due Process under the Fourteenth Amendment was well established at the time Defendants took the aforementioned actions against Plaintiff.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

**Page 5- COMPLAINT**

14.

As a result of Defendants' violation of 42 U.S.C. § 1983, Plaintiff requests reinstatement to

his job, economic and non-economic damages as set forth in paragraph 8, along with reasonable

attorney fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff demands the following for his claims for relief:

1.  Economic damages in an amount to be proven at trial, which sum is alleged to be

    $65,000 as of the date of filing of this complaint plus $7,500 per month thereafter.

2.  Non-economic damages in an amount to be proven at trial, which sum is alleged to be

    $500,000;

3.  Expert witness fees, interest, costs and reasonable attorney fees pursuant to 42 U.S.C. §

    1988 and;

4.  Reinstatement to his job with City.

5.  Such other relief as this Court may Order.


DATED this _24th  day of July, 2019.

/S/KEVIN T. LAFKY
Kevin T. Lafky               OSB#852633
Tonyia J. Brady             OSB#103491
LAFKY & LAFKY
429 Court Street NE
Salem, OR 97301
(503)585-2450
Of Attorneys for Plaintiff


**Page 6- COMPLAINT**